IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JAMES ARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.: 07-678-JPG/DGW |
| Vs. ) | |
| ) | FELA |
| CSX TRANSPORTATION, INC., ) | |
| ) | PLAINTIFF REQUESTS |
| And ) | TRIAL BY JURY |
| ) | |
| CONSOLIDATED RAIL CORPORATION, ) | |
| ) | |
| Defendants. ) | |

SERVE DEFENDANTS AT:

    CSX Transportation, Inc.
    C/o C T Corporation System
    208 S. LaSalle Street, Suite 814
    Chicago, IL 60604-1101

    Consolidated Rail Corporation
    C/o Illinois Corporation Service
    801 Adlai Stevenson Drive
    Springfield, IL 62703-4261

## COMPLAINT

JAMES ARNETT, through counsel, states as follows for his cause of action against CSX TRANSPORTATION, INC. ("CSX") and CONSOLIDATED RAIL CORPORATION ("Conrail"):

### Preliminary Statement

1.    This action seeks compensatory damages for cumulative musculoskeletal injuries suffered by Plaintiff James Arnett arising from his employment as a train conductor with the

1

Defendants and predecessors whose liabilities have been assumed through mergers and acquisitions.

## Jurisdiction

2. This action arises under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq.

3. Jurisdiction over the federal claim is invoked pursuant to 28 U.S.C. § 1331.

## Venue

4. Venue of this action properly lies in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1391(b), because:

    (a) At least one of defendants resides within this district;

    (b) A substantial part of the events or omissions giving rise to the claim occurred within this district; or

    (c) Because at least one of the defendants may be found within this district.

## Allegations

5. Plaintiff James Arnett ("Plaintiff") is a United States citizen and a resident of Brownsburg, IN.

6. Since 1962, the Plaintiff has been employed by the Defendants and predecessor railroads as a conductor throughout several states, including the State of Illinois within this judicial district, and his injuries and damages alleged in this lawsuit resulted, in part, from this work with the Defendants and predecessor railroads whose liabilities have been assumed by mergers and acquisitions.

7. At all times pertinent to this lawsuit Defendant CSX was, and currently is, a railroad corporation engaged in interstate transportation and commerce throughout many states, including the

State of Illinois, and the Plaintiff was at the time of his injuries working in furtherance of Defendant CSX's interstate commerce.

8. At all times pertinent to this lawsuit Defendant Conrail was a railroad corporation engaged in interstate transportation and commerce in many states, including the State of Illinois within this judicial district, and the Plaintiff was at the time of his injuries working in furtherance of Defendant Conrail's interstate commerce.

9. The Defendants and their predecessors knew or should have known for years that the working conditions that the Plaintiff and other similarly situated employees were subjected to presented risk factors for the development of cumulative or musculoskeletal disorders involving the spine, hips, knees and legs that are painful and disabling.

10. The Defendants and their predecessors knew or should have known for years that the equipment and tools furnished to the Plaintiff and other similarly situated employees were not ergonomically designed to reduce or eliminate the risk factors for the development of the disorders alleged in this lawsuit.

11. The Defendants and their predecessors knew or should have known for years that multiple interventions that actively involve non-management workers in medical management, physical training, and work technique education are effective in reducing or eliminating the risk factors for the development of these disorders.

12. The Defendants and their predecessors knew or should have known for years that engineering and administrative controls are effective in reducing or eliminating the risk factors for the development of these disorders.

13. The Defendants and their predecessors knew or should have known for years that the

efficacy of interventions to reduce or eliminate the risk factors for the development of these disorders in part turns on the collection and analysis of injury and illness information for employees that have one or more of these disorders.

14. Throughout the course of the Plaintiff's railroad employment he was furnished locomotives and cabooses with inadequate seating and excessive lateral and vertical motion which subjected him to unsafe levels of whole-body vibration, jarring and bouncing while seated.

15. The Defendants knew or should have known that inadequate locomotive and caboose seating and excessive lateral and vertical motion, and whole-body vibration, singularly or in combination, cause accelerated degeneration of the spine, hips, knees and legs.

16. Throughout the course of the Plaintiff's railroad employment he was required to throw many different types of switches that had not been properly maintained, and/or were unsafe from an ergonomic standpoint placing great stress on his spine, hips, knees, legs and musculoskeletal system.

17. Throughout the course of the Plaintiff's railroad employment, he was required to get on and off moving equipment placing great stress on his spine, hips, knees, legs and musculoskeletal system.

18. Throughout the course of the Plaintiff's railroad employment, he was required to walk considerable distances, and mount and dismount equipment on sloped, unstable ballast, placing great stress on his spine, hips, knees, legs and musculoskeletal system.

19. Throughout the course of the Plaintiff's railroad employment, he was required to perform heavy work in awkward, bent positions, placing great stress on his spine, hips, knees, legs and musculoskeletal system.

20. Throughout the course of the Plaintiff's railroad employment he was required to ride on the side of railcars for considerable distances subjecting him to whole-body vibration and at times, due to the type of railcar, was placed in an awkward posture, placing great stress on his spine, hips, knees, legs and musculoskeletal system.

21. Throughout the course of the Plaintiff's railroad employment crew sizes were cut over time without a commensurate reduction in the quantity of work which led to increased pressure from railroad management to complete necessary tasks in a timely manner causing additional physical and emotional stress from working conditions.

22. The Plaintiff's injuries, permanent disability, and damages alleged in this lawsuit were caused cumulatively, over time, in whole or in part, by one or more of the following acts of negligence of the Defendants, acting through their agents, servants, or employees, singularly or in combination:

    a. They failed to provide the plaintiff with reasonably safe equipment to work;

    b. They failed to provide the plaintiff with reasonably safe methods for work;

    c. They failed to provide the plaintiff with reasonably safe conditions for work;

    d. They permitted to be used on their lines locomotives that were not in proper condition and safe to operate in the service to which they were put, without unnecessary peril to life or limb in violation of 49 C.F.R.§ 229.7(a)(1);

    e. They failed to provide locomotives that were free of conditions that endangered the safety of the crew in violation of 49 C.F.R. § 229.45;

    f. They failed to properly inspect its engines for conditions that endangered the safety of the crew in violation of 49 C.F.R. §§ 229.21, .23, .25, and .27;

    g. They failed to monitor the levels of whole-body vibration and lateral and vertical motion related to the operation of their locomotives and cabooses;

    h.    They failed to provide reasonably safe seating in their locomotive cabs and cabooses;

    i.    They failed to reduce the levels of whole-body vibration and lateral and vertical motion related to the operation of their locomotives and cabooses to amounts that were reasonably safe;

    j.    They failed to warn the plaintiff that the levels of whole-body vibration and lateral and vertical motion related to the operation of its locomotives and cabooses were harmful to his back, spine, hips, knees and legs;

    k.    They required the Plaintiff to perform job duties involving forceful, repetitive use of his back, spine, hips, knees and legs without sufficient rest;

    l.    They required the Plaintiff to perform job duties involving forceful, repetitive use of his back, spine, hips, knees and legs in awkward positions;

    m.    They failed to perform medical monitoring of the Plaintiff for the physical effects of cumulative trauma;

    n.    They failed to inspect or monitor the Plaintiff's job duties to evaluate the potential for the development of cumulative trauma disorders;

    o.    They failed to implement proper administrative and engineering controls to reduce or eliminate the cumulative trauma to which the Plaintiff was exposed; and

    p.    They failed to properly train the Plaintiff to recognize the early signs or symptoms of cumulative trauma disorders.

23.    As a direct result of one or more of these negligent acts or omissions, in whole or in part, the Plaintiff suffered injuries to his back, spine, hips, knees and legs; he sustained injuries to the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his back, spine, hips, knees and legs; he sustained bruising, straining and scarring of the soft tissues, ligaments, tendons, muscles, blood vessels and nerves of his back, spine, hips, knees and legs; he has been caused to undergo severe pain and suffering and will continue to undergo severe pain and suffering; he has sought and received medical care and attention and will continue to receive medical care and attention; he has

suffered psychological and emotional injury, mental anguish and anxiety and will continue to suffer psychological and emotional injury, mental anguish and anxiety in the future; he has incurred medical expenses and will continue to incur medical expenses; he has lost wages and benefits and will continue to lose wages and benefits; all to his damage.

24.     This action is filed within 3 years of the date when the Plaintiff knew or reasonably should have known of his injuries alleged in this Complaint and their cause.

ACCORDINGLY, Plaintiff James Arnett requests judgment against the Defendants in a sum of money which will adequately and reasonably compensate him for his damages in excess of $75,000, plus costs, and any further relief the Court deems appropriate.

SCHLICHTER, BOGARD & DENTON

*/s/ Richard J. Zalasky*

RICHARD J. ZALASKY #4768
100 South 4th Street, Suite 900
St. Louis MO 63102
(314) 621-6115, (314) 621-7151 fax
rzalasky@uselaws.com

COUNSEL FOR PLAINTIFF

PLAINTIFF REQUESTS TRIAL BY JURY

SUMMONS TO ISSUE PURSUANT TO LAW